1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WESLEY ALEX PEARSON                    No.  2:17-cv-01796 CKD P

12            Plaintiff,

13       v.                                  ORDER

14   A. ARTHUR,  et al.,

15            Defendants.

16

17

18        Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

19   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

20   U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United

21   States Magistrate Judge.

22        Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

23   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

24   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

26   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28

1

month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I.      Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at California State Prison- Solano ("CSP-Solano"). Plaintiff alleges that on October 22, 2015, defendant McMaster "act[ed] like a[n] ass-hole over a state broom." ECF No. 1 at 6. Defendant McMaster falsely reported that plaintiff had threatened her with a broom, beat on his chest like Tarzan, and used profane language. Id. Plaintiff received a rules violation report or "RVR" based on this false report and lost his position as lead cook for a period of time. Id. In response to this false allegation, plaintiff filed a 602, or prison grievance, against defendant McMaster. Id. at 7. In retaliation for filing this grievance, plaintiff "was moved from "A" yard, his lower bunk was taken, his single cell was taken, [and his] lower tier was taken." Id. By way of relief, plaintiff seeks monetary compensation.

## III. Analysis

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

The allegations against defendant McMaster fail to state a claim of retaliation. If plaintiff is alleging retaliation, he must establish that defendant took some adverse action against him (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)). There is no allegation that defendant McMaster was the defendant responsible for moving plaintiff from the "A" yard, removing his chrono for a lower bunk on the lower tier, cancelling his single cell status, or firing plaintiff from his job as lead cook. This is especially true since plaintiff identifies forty other defendants in his complaint. Plaintiff never identifies which defendant(s) is responsible for the adverse actions listed in the

complaint. Instead, he simply states that these actions amount to retaliation. ECF No. 1 at 7. For all of these reasons, the complaint fails to state a First Amendment retaliation claim.

Plaintiff's allegations fail to state a cause of action for defamation against defendant McMaster or any other named defendant. In a § 1983 action for defamation, the plaintiff must plead more than an injury to reputation. There must also be an injury to a liberty or property interest protected by the due process clause of the Fourteenth Amendment. See Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991) (citation omitted). This is called "defamation-plus." Herb Hallman Chevrolet, Inc. v. Nash–Holmes, 169 F.3d 636, 645 (9th Cir. 1999). "There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was inflicted in connection with a federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right." Id. (emphasis in original) (citing Cooper, 924 F.2d at 1532). Plaintiff has not alleged that his reputation was injured in connection with a federally protected right or that the damage caused him to be denied a federally protected right since inmates do not have a substantive federal right to a prison job while incarcerated. See Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985). Consequently, this claim should be dismissed for failing to state a claim upon which relief may be granted.

With respect to the named defendants who are the Warden, Associate Warden, and supervisory personnel, these individuals are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stanley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.1978), cert. denied, 442 U.S. 941 (1979). Plaintiff's allegations against all of these defendants fail to allege a sufficient causal link to any constitutional violation based on their supervisory authority.

////

////

4

IV.    **Leave to Amend**

For the foregoing reasons, plaintiff's complaint will be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.    **Plain Language Summary for Pro Se Party**

Since you are acting as your own attorney in this case, the court wants to make sure that the this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read your complaint and concluded that it does not state a claim against any of the named defendants. However, the problems with your complaint may be fixable so you are being given the chance to file an amended complaint within 30 days of this order. Should you decide to try again, pay careful attention to the problems described in this order and how they can be fixed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 10, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/pear1796.14.new.docx